UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,                     5:16-CV-1388
                                                                        (GTS/ATB)
v.

STEPHEN BOWMAN; and MAUREEN BOWMAN,

                            Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

U.S. DEPARTMENT OF JUSTICE–TAX DIVISION      STEPHEN S. TENNYSON, ESQ.
   Counsel for Plaintiff                                        Trial Attorney
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

BERTRAND, ARNO & WELCH                           DANIEL J. ARNO, ESQ.
  Counsel for Defendant Stephen Bowman
107 South Main Street
N. Syracuse, NY 13212

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently pending before the Court, in this civil tax enforcement action filed by the United States of America ("Plaintiff") against Stephen Bowman and Maureen Bowman, is Plaintiff's motion for default judgment against Maureen Bowman ("Defendant") pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 1.)[1] For the reasons stated below, Plaintiff's motion is granted.

---

[1] The Court notes that a Consent Judgment has previously been entered against Stephen Bowman. (Dkt. No. 10.)

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint asserts the following claim against Defendant: as of November 18, 2016, Defendant owes $112,577.73 in tax liabilities for the 2005 and 2006 tax years. (*See generally* Dkt. No. 1.) Generally, in support of this claim, Plaintiff's Complaint alleges as follows: (1) a delegate of the Secretary of the Treasury of the United States made assessments against Defendant for federal income taxes, penalties, and interest, with respect to Defendant's jointly filed income tax returns, for $39,865.29 in an original assessment for the 2005 tax year, $73,529.63 in an unpaid balance for the 2005 tax year, $22,779.36 in an original amount for the 2006 tax year, and $39,048.10 in an unpaid balance for the 2006 tax year, totaling $122,577.73 as of November 18, 2016; (2) notices of tax liabilities and demands for Defendant's payment were properly sent to Defendant; (3) despite such notice and demand, Defendant has failed, neglected, or refused to fully pay the liabilities and, as of November 18, 2016, Defendant remains indebted to the United States of America for those liabilities, after taking into account all payments, credits, abatements, accruals, and costs, in the amount of $112,577.73, plus statutory additions, accruals, and interest according to law. (*Id.*)

### B. Plaintiff's Service of Its Complaint and Defendant's Failure to Answer

On November 22, 2016, Plaintiff served its Complaint on Defendant. (Dkt. No. 4.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendant's Non-Appearance

On December 15, 2016, Plaintiff requested a Clerk's entry of default. (Dkt. No. 6.) On December 15, 2016, the Clerk of the Court entered default against Defendant, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 7.) As of the date of this Decision and Order, Defendant has not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On Feburary 3, 2017, Plaintiff filed a motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 14.) As of the date of this Decision and Order, Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) Defendant was required to respond to Plaintiff's Complaint no later than December 13, 2016; (2) as of January 30, 2017, Defendant has neither answered nor responded to the Complaint; (3) the time for Defendant to respond has not been extended beyond December 13, 2016; (4) it has been confirmed that Defendant is not active in the United States military or the New York National Guard; and (5) Defendant is not an infant, or an incompetent person. (Dkt. No. 14.) Familiarity with the remaining grounds for Plaintiff's motion for default judgment against Defendant is assumed in this Decision and Order, which is intended primarily for the review of the parties.

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008

WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III. ANALYSIS

### A. Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendant on the issue of liability, under the circumstances.[2] The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion. For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendant. However, no Answer has been filed and no one has appeared on behalf of Defendant. In addition, the Clerk has already entered default against Defendant, and Plaintiff has served Defendant with its motion for the issuance of default judgment. However, Defendant has still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of Plaintiff's Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

---

[2] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.      Damages**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its burden of establishing a valid basis for the monetary damages it seeks, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[3] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[4] Here, the Court has made such a finding.

For example, in support of its damages request, Plaintiffs have provided, *inter alia*, the affidavit of service of motion for default judgement,[5] which demonstrates that Defendant is indebted to Plaintiff in the amount of $112,577.73 as of November 18, 2016. More specifically, this sum consists of $39,865.29 in original assessment for the 2005 tax year, $73,529.63 in unpaid balance for the 2005 tax year, $22,779.36 in original amount for the 2006 tax year, $39,048.10 in unpaid balance for the 2006 tax year, and any costs the court deems proper.

---

[3]     Fed. R. Civ. P. 55(b).

[4]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

[5]     (Dkt. No. 14, Attach. 1, at ¶¶ 11-15; Dkt. No. 16, at ¶¶ 11-12; Dkt. No. 16, Attach. 1-3.)

Therefore, the Court concludes that Plaintiff has met its burden of establishing a valid basis for the damages, and that default judgment against Defendant, awarding Plaintiff $112,577.73 in damages as of November 18, 2016, is appropriate.[6]

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendant Maureen Bowman (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment in Plaintiff's favor against Defendant Maureen Bowman in the amount of $112,577.73 as of November 18, 2016, plus statutory additions, including interest, pursuant to 28 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

Date: June 16, 2017
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[6] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).